IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DALE D. MOORE and JEANIE NELSON,<br><br>  Plaintiffs,<br><br>vs.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>  Defendants. | CV-15-71-M-DLC-JCL<br><br>ORDER |

In July 2016, Defendant The Travelers Home and Marine Insurance Company ("Travelers") served a Federal Rule of Civil Procedure 45 third-party subpoena duces tecum upon Nardi and Stub Counseling ("Nardi and Stub") – an entity that provided counseling services to Plaintiffs Dale Moore and Jeanne Nelson. After Nardi and Stub objected to the subpoena and failed to comply with its directive, Travelers filed a motion to compel Nardi and Stub's compliance.

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") did not serve its own subpoena request for the referenced records, but joined in Travelers' motion. Prior to a ruling upon the motion to compel, Travelers effected a settlement with Plaintiffs Moore and Nelson and was dismissed from the case.

On September 23, 2016, Allstate served its own subpoena duces tecum upon Nardi and Stub seeking production of all files relating to the counseling services provided to Plaintiffs Moore and Nelson. The subpoena directed that production be accomplished no later than October 14, 2016.

Apparently anticipating that Nardi and Stub would again refuse to comply with the directive of the subpoena, Allstate contemporaneously filed a motion seeking to compel Nardi and Stub to respond to the subpoena. In support of its motion, Allstate incorporates by reference the reasons stated by Travelers in support of its motion to compel. Specifically, Nardi and Stub have refused to produce the records in their possession relating to Moore and Nelson unless they receive advance payment in the amount of $1,400.

At this juncture, the time for Nardi and Stub to respond to Allstate's subpoena has not yet expired. But based on Nardi and Stub's recalcitrance in refusing to comply with Travelers' prior subpoena, the Court finds is appropriate, in the interest of judicial economy, to grant Allstate's motion to compel. The

Court does so in order to emphasize to Nardi and Stub that failure to obey the subpoena, without adequate excuse, may result in Nardi and Stub being held in contempt of court. *See* Fed. R. Civ. P. 45(g). Restated, defiance of a subpoena is defiance of a court order. In this regard, if Nardi and Stub fail to comply with the subpoena duces tecum served by Allstate, Nardi and Stub will be required to show cause why they should not be held in contempt of court.

Fed. R. Civ. P. 45(g) provides that a person subject to a subpoena is to be protected from "undue burden or expense." And in granting a motion to compel, the court must protect non-parties from "significant" expense. In other words, a non-party recipient of a subpoena requesting the production of documents must be reasonably compensated for the costs of complying with the subpoena.

Fed. R. Civ. P. 45 sets no formula for calculating what reasonable compensation entails. The Court, however, informs its decision in this matter by looking to Montana statutory law, specifically Mont. Code Ann. §§ 50-16-526 and 540. Section 50-16-540 provides: "A reasonable fee for providing health care information may not exceed 50 cents per page for a paper copy or photocopy. A reasonable fee may include an administrative fee that may not exceed $15 for searching and handling recorded health care information." Therefore, in granting Allstate's motion to compel, the Court directs Allstate that it must reimburse Nardi

and Stub for the production of documents in the amount of 50 cents per page produced as well as a $15 administrative fee.

For the reasons stated, IT IS HEREBY ORDERED that Allstate's motion to compel is GRANTED as set forth herein.

IT IS FURTHER ORDERED that Travelers' motion to compel is DENIED AS MOOT.

DATED this 28th day of September, 2016

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge