IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DALE D. MOORE, and JEANIE NELSON, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>Defendants. | CV 15–71–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on September 15, 2016, recommending: (1) granting Plaintiffs Dale Moore ("Moore") and Jeanie Nelson's (collectively "Plaintiffs") cross-motion for summary judgment for coverage under Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") insurance policy (the "Policy"); (2) granting Plaintiffs' motion for summary judgment with respect to Allstate's affirmative defenses; (3) denying as moot Plaintiffs' motion for summary judgment against Defendant The Travelers Home and Marine Insurance Company

("Travelers");[1] and (4) denying Allstate's motions for summary judgment.

Allstate timely filed objections and is therefore entitled to de novo review of those Findings and Recommendations to which it specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). The parties are familiar with the facts of this case and they will not be repeated here.

## I. Objections to Factual Findings

Allstate raises numerous objections to Judge Lynch's factual findings and legal recommendations. Specifically, Allstate asserts eight objections primarily focusing on Judge Lynch's interpretation of the Policy. Because the interpretation of an insurance contract is a question of law in Montana, *Modroo v. Nationwide Mutual Fire Ins. Co.*, 191 P.3d 389, 395 (Mont. 2008), the Court will address these "factual" objections in the context of Judge Lynch's legal recommendations.

---

[1] Travelers was dismissed from this case on September 20, 2016. (Doc. 100.)

## II. Objections to Legal Recommendations

Allstate objects to Judge Lynch's recommendations to deny its motions for summary judgment and grant Plaintiffs' motions for summary judgment. The Court will first discuss the recommendation to deny Allstate's motions for summary judgment.

### A. Allstate's Motions For Summary Judgment

Allstate raises five objections to the Magistrate Judge's recommendation to deny its motions for summary judgment. Almost all of these objections focus on Judge Lynch's conclusion that the term "policyholder" is an ambiguous term because it is not defined in the policy. The Court will address each of these objections in turn.

#### 1. Plaintiffs Alleged Judicial Admission

Allstate contends that it is undisputed that the Policy Declarations identify Shirley Moore as the policyholder. As evidence of this non-dispute, Allstate cites to Plaintiffs' admissions where they allegedly admitted that the Policy Declarations identified Shirley Moore as the policyholder. Allstate contends that this is a judicial admission and dispositively undermines Judge Lynch's finding that the term "policyholder" is an ambiguous term because it is not defined in the policy. The Court disagrees.

First, reviewing Plaintiffs' Statement of Disputed Facts, it appears that Plaintiffs' admission was limited. (*See* Doc. 43 at 2 ("Undisputed but vague as to inference. The 'policyholder' name is Shirley Moore, however the Policy was mailed (issued) to Mr. Moore's [home] address.").) Second, and most importantly, in reviewing the citations to the record in Plaintiffs' Statement of Disputed Facts, it is not clear to the Court if the parties were discussing the letter preceding the Policy Declarations, or the Declarations itself. Specifically, the admitted statement references the "policyholder" in quotes. (*Id.*) However, this word does not appear in the Declarations (*See* Doc. 42-1 at 4) and, instead, is only found in a letter preceding the Declarations (*Id.* at 2). Thus, it is not clear to the Court which document the parties were discussing. As discussed *infra*, because this letter is not part of the Policy or the Declarations, it is not controlling on the issue of coverage. Allstate's first objection is thus overruled.

### 2. The Letter Preceding the Declarations

Next, Allstate asserts that the Findings and Recommendations' conclusion that the term "policyholder" is an ambiguous term is incorrect because a letter accompanying the Policy and Declarations defined the policyholder as Shirley Moore. This letter notified the recipient that the policy had been amended and specified the amendments that took place. Allstate's assertion then relies on language in the upper right hand corner of the letter which states "Policyholder(s)

Shirley Moore." (Doc. 42-1 at 2.) Allstate argues that because this letter arguably identifies the policyholder as Shirley Moore, Judge Lynch's conclusion that the term "policyholder" is an ambiguous term within the policy, and all other "factual findings" supported by this preliminary finding, are incorrect and should be rejected.[2] The Court disagrees.

Contrary to Allstate's argument, this letter is not part of the Policy and thus has no bearing on the interpretation of the word "policyholder" within the Policy. This finding is supported by both Montana case law and the terms of the Policy. First, under Montana law, "it is well settled that the insurance contract consists of the policy, declarations, and any riders, endorsements or application(s) that are designated as part of the policy." *Am. States Ins. Co. v. Flathead Janitorial & Rug Services, Inc.*, 355 P.3d 735, 740 (Mont. 2015) (citing Mont. Code. Ann. § 33–15–316). Here, the letter was not part of the insurance contract because it was not the Policy or its Declarations, or any other rider, endorsement or application designated as part of the Policy. *See Am. States Ins. Co.*, 355 P.3d

---

[2] As discussed, Allstate contends that Judge Lynch erred by finding: (1) "that a reasonable person attempting to identify the 'policyholder' on the declarations page would find only the 'named insured' and 'listed drivers,' not a 'policyholder'"; (2) "that because the term 'policyholder' is not identified in the Allstate Policy declarations, that the definitions of 'you' and 'policyholder' are subject to differing reasonable interpretations"; (3) "that a reasonable interpretation of the Policy through the eyes of a consumer with average intelligence is that 'policyholder' includes the 'named insured,' the 'listed drivers,' or both"; and (4) "that the Policy is subject to the reasonable expectations doctrine due to lack of clarity in reference to the 'policyholder.'" (Doc. 97 at 15–18.)

at 740 (finding that letter preceding the policy was not part of the policy).

Second, and dispositive of this issue, the Policy Declarations listed all documents encompassing the insurance Policy, and the letter was not included in that list. (Doc. 42-1 at 6 (providing that the "automobile policy consists of this Policy Declarations and the documents in the following list[:]" (1) "Allstate Fire and Casualty Insurance Company Auto Policy - AFA23"; and (2) "Claim Satisfaction Guarantee Amendatory Endorsement - AP4783-1").) Therefore, because the letter accompanying the Amended Declarations is not designated as part of the Policy itself, it may not be used when interpreting the meaning of "policyholder." Allstate's second objection is overruled.

### 3. Ambiguity of the Policy Terms

Allstate's third objection centers on the alleged common sense meaning of "named insured" and "policyholder." Essentially, Allstate argues that these terms have a common sense meaning and Judge Lynch impermissibly read ambiguity into the Policy where none existed. Again, the Court disagrees.

Judge Lynch throughly analyzed the Policy for language explaining coverage and found that the Policy provided coverage for an "Insured Person(s)." (Doc. 97 at 15 (citing Doc. 42-1 at 18, 22).) He then looked to the definition of "Insured Person" and found that it meant "You and any resident relative." (Doc. 97 at 15 (citing Doc. 42-1 at 18).) The Policy furthered defined "You" as "the

policyholder named on the Policy Declarations." (Doc. 42-1 at 12) However, the Policy Declarations did not name the policyholder. Instead, it only identified "Shirley Moore" under the caption "Named Insured(s)." (Doc. 42-1 at 4.) Curiously, it also named Moore as one of the "Listed drivers." ( Doc. 42-1 at 5.) Judge Lynch then determined that because the Policy Declarations failed to identify the policyholder, and, instead, only discussed the "Named insured(s)" and "Listed drivers," the term policyholder was ambiguous because it was not clear whether "You," i.e., the policyholder, referred to "Named Insured(s)," the "Listed drivers," or both. (Doc. 97 at 16.)

Here, Allstate's objection ignores Judge Lynch's analysis and, instead, attempts to interject everyday meaning to a term that was to be defined within the Policy Declarations. Because the Policy specifically states that "policyholder" was to be named under the Policy Declarations and it was not, the Court overrules Allstate's objection to Judge Lynch's conclusion that the term policyholder was ambiguous.[3]

### 4. Non-Owned Auto Exclusion

Under its fourth objection, Allstate contends that even if Moore was a

---

[3] Likewise, the Court overrules Allstate's first five "factual" objections. (Doc. 102 at 5–10.) These hinge on the argument that the term "policyholder" was unambiguous and cannot be supported by the Court's finding to the contrary. (*See* Doc. 97 at 15–18.)

policyholder, the Policy excludes coverage under the "non-owned auto exclusion." (Doc. 102 at 19 (citing Doc. 42-1 at 22).) However, Allstate's objection is the exact argument put before Judge Lynch and subsequently rejected. Judge Lynch determined that this "exclusion" was merely a limitation on someone who was not an "insured person" under the Policy's "General Statement of Coverage" (Doc. 42-1 at 18), but who still sought an alternative avenue for coverage because he/she was operating an "insured auto." (Doc. 97 at 19–20.)

Allstate's objection fails to cite any specific reasons why Judge Lynch's interpretation was erroneous and, instead, reargues the identical arguments put forth in its briefing. Accordingly, the Court will review Judge Lynch's conclusion concerning the non-owned auto exclusion for clear error, and finding none, will adopt this recommendation and overrule Allstate's objection. *See Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010), aff'd, 727 F.3d 975 (9th Cir. 2013) (stating that clear error review is appropriate when an "objecting party . . . merely restate[s] arguments made before the magistrate").[4]

---

[4] Because Allstate's six and eighth "factual" objections (Doc. 102 at 6–11, 13–14) rely on the Court sustaining this objection, the Court will similarly overrule these "factual" objections.

### 5. Listed Driver Language

Allstate's fifth objection centers on the Findings and Recommendations' conclusion that Moore's status as a "Listed driver" created a reasonable expectation of coverage. Allstate disputes this conclusion and states that this expectation of coverage is not reasonable when compared against the express terms of the Policy. The Court disagrees, however, and notes that the express terms of the policy creates the ambiguity in question. As discussed in part II.A.3 of this Order, the Declarations fail to expressly identify the policyholder. Instead, it mentions both "Named Insured(s)" and "Listed drivers," then fails to explain the significance of either. Allstate's fifth objection is overruled.[5]

### B. Plaintiffs' Motions for Summary Judgment

Lastly, Allstate objects to Findings and Recommendations' determination that Plaintiffs' motions for summary judgment should be granted. Allstate contends that a factual dispute remains as to the reasonableness of Moore's expectation of coverage. Allstate is mistaken.

Under the reasonable expectations doctrine, the Court looks to the "objectively reasonable expectations of applicants and intended beneficiaries" to determine if there was an expectation of coverage. *Transamerica Ins. Co. v.*

---

[5] Allstate's seventh "factual" objection is likewise overruled for the reasons described above and in part II.A.3 of this Order.

*Royle*, 656 P.2d 820, 824 (Mont. 1983) (citing Robert E. Keeton, *Insurance Rights at Variance with Policy Provisions*, 83 Harv. L. Rev. 961, 967 (1970)). Contrary to Allstate's argument, the Court finds many objective reasons exist to support Moore's expectation that he was covered under the Policy, including: (1) his status as a "Listed driver"; (2) his communications with his insurance agent where both clearly thought he was covered under the Policy; and (3) the listing of his home address on the Policy. Because these reasons support an objective expectation of coverage under the Policy, the Court will overrule Allstate's final objection and adopt the Findings and Recommendations in full.

### III. Final Pretrial Conference and Trial Schedule

In anticipation of the upcoming final pretrial conference, scheduled for October 6, 2016, and trial, scheduled for October 17, 2016, the parties have filed their pretrial materials. However, because this Order dramatically narrows the issues for trial, the Court will vacate and reset these proceedings to a later date to allow the parties to refile these materials in accordance with the rulings of this Order. Further, if the parties request a United States Magistrate Judge for settlement purposes, the Court will assist in that request. Finally, the Court stresses that vacating and resetting these proceedings will not affect Judge Lynch's Order, dated October 4, 2016 (Doc. 137), which granted Allstate's motion for a protective order. The Court agrees with Judge Lynch that Plaintiffs' request for

depositions is untimely and should not be allowed.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 97) are ADOPTED IN FULL;

(2) Defendant Allstate's Motion for Summary Judgment (Doc. 30) is DENIED;

(3) Defendant Allstate's Motion for Partial Summary Judgment Regarding Loss of Consortium Claim (Doc. 34) is DENIED;

(4) Plaintiffs' Cross-Motion for Summary Judgment (Doc. 44) is GRANTED;

(5) Plaintiffs' Cross-Motion for Summary Judgment (Doc. 48) is GRANTED; and

(6) Plaintiffs' Motion for Summary Judgment to Dismiss Certain Defenses (Doc. 49) is GRANTED against Allstate and DENIED as moot against Travelers.

IT IS FURTHER ORDERED the Final Pretrial Conference, set for October 6, 2016, and the Jury Trial, set October 17, 2016, are VACATED and RESET according to the following schedule. Further, the following schedule will govern all further pretrial proceedings:

| | |
|---|---|
| Attorney Conference to Prepare Final Pretrial Order: | week of October 17, 2016 |
| E-file Final Pretrial Order, Proposed Jury Instructions, Proposed Voir Dire Questions, and Trial Briefs and e-mail to dlc_propord@mtd.uscourts.gov (Trial Briefs are optional): | October 26, 2016 |
| Notice to Court Reporter of Intent to Use Real-Time: | October 26, 2016 |
| Notice to I.T. Supervisor of Intent to Use CD-ROM or Videoconferencing: | October 26, 2016 |
| Final Pretrial Conference: | November 2, 2016 at 2:30 p.m. Missoula, Montana |
| Jury Trial (7-member jury): | November 14, 2016 at 9:00 a.m.[6] Russell Smith Courthouse Missoula, Montana |

IT IS FURTHER ORDERED that the Court's Order dated September 15, 2015 (Doc. 21), shall remain in full force and effect in all other respects.

Dated this 5th day of October, 2016.

_____
Dana L. Christensen, Chief District Judge
United States District Court

---

[6] Pursuant to 18 U.S.C. § 3161(h) and Fed.R.Crim.P. 50, criminal matters take priority over civil matters in the event of a conflict. Accordingly, all civil trial settings are subject to the Court's criminal calendar.